UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KATHRYN MARIE HENRIKSEN and JOSEPH ROY ABELA,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and MICHELIN NORTH AMERICA, INC., a New York Corporation,<br><br>Defendants. | Cause No.: 2:20-CV-00027-BMM<br><br>**Stipulated Confidentiality Order Between Plaintiffs and Ford Motor Company** |

## CONFIDENTIALITY ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in discovery as it relates to Plaintiffs and Ford Motor Company:

1. Review of the confidential documents and information by counsel, experts, or consultants for the litigants during discovery shall not waive the confidentiality of the documents or objections to production.

2. The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality, but shall be controlled by prevailing law in this jurisdiction.

3.      Only documents containing trade secrets, or other confidential or proprietary research, development, manufacturing, or commercial or business information, may be designated confidential, provided such documents have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it where special protection steps have been taken. Such documents or parts thereof will be designated after review by an attorney or client representative for the producing party by stamping the word confidential, "Subject to Protective Order," or substantially similar language on each page. The stamp may not obstruct or otherwise make it more difficult to read the language on the document.

4.      Without prejudice to a party's right to seek production of the following information or of a party to object to its production, the information subject to a confidentiality designation may include information deemed to be proprietary or confidential by the producing party: individual personal information (i.e., SSN, etc. …); customer names; proprietary licensing, distribution, marketing, design, development, research, and manufacturing information regarding products, whether previously marketed, currently marketed, or under development; information concerning competitors; production information; medical records; personnel records and information; and financial information.

5.      If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the court or

magistrate judge. Such application shall only be granted for reasons shown and for good cause.

6. Documents designated confidential shall be shown only to the attorneys, the parties, parties' experts and consultants, actual or proposed witnesses, mediators, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit.

7. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidentiality designation. Other than parties, court personnel, counsel and counsel staff, a third-person with access to the materials shall sign a copy of this Order and the signed Order shall be kept by the counsel that permitted the person to have access to the confidential documents.

8. In addition to the foregoing, the parties agree that any discovery material produced in this litigation may be shared with attorneys representing Plaintiff(s) in the following circumstances:

- If the information is generic and does not relate to a Ford Super Duty pickup truck (1999-2007 Ford F-250/350 (P131), 2008-2010 Ford F-250/350 (P356), and 2011-2016 Ford F-250/350 (P473) pickup trucks), or any SUV off the same platform, the information may be shared with

any attorney representing a plaintiff/consumer in a rollover of a Ford vehicle, subject of course to the conditions herein outlined.

- If the information pertains to one of the above-identified Super Duty pickup trucks or an SUV off the same platform, and is not generic, the information may only be shared with attorneys who have cases pending against Ford involving a Ford Super Duty pickup truck (1999-2007 Ford F-250/350 (P131), 2008-2010 Ford F-250/350 (P356), and 2011-2016 Ford F-250/350 (P473) pickup trucks, or any SUV off the same platform, with similar allegations (roof strength, handling and stability), provided no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford, so long as the person agrees to be bound by the terms of this order, so long as the other litigation includes design and performance issues that are the same or similar to this litigation.

Any such person qualifying to share in the information covered by this paragraph is required to: 1) read the confidentiality order; 2) abide by the terms of this confidentiality order; 3) submit to this Court's jurisdiction to ensure enforcement of this confidentiality order; and 4) acknowledge that they may be subject to sanctions for failing to abide by the terms of the order. If any counsel shares information with any person not involved in this litigation, counsel is required to keep a list of each

person who received information so the Court will, if necessary, have the ability to obtain that list and ascertain precisely who received what information. Documents, information, and discovery may only be shared while this case is pending. Any person who receives confidential documents must agree to not knowingly share information once this case has concluded.

9. If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. Likewise, if counsel for Plaintiffs believe that discovery material is "generic" information as described in Paragraph 8 and intends to share such information pursuant to Paragraph 8, Ford will be notified of counsel's intent to share such information; if Ford does not agree that the information is generic, the parties shall first make a good-faith effort to resolve such a dispute.  In the event that a dispute under this paragraph cannot be resolved by the parties, either party may apply to the court or magistrate judge for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper, including good cause.

10. At the time of deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a)

above. This designation shall be in writing and served upon all counsel. Failure to comply with this requirement waives protection.

11. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order.

12. In filing materials with the court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information.

13. This order does not apply to trial or use of materials in open court. That must be handled separately by motion.

14. In any application to the court or magistrate judge referred to or permitted by this order, the court or special master may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

15. Submission to regulatory agency or governmental entity:

    a. This protective order shall not be construed to prohibit Plaintiff or Ford's disclosure or production of safety-related information

        to a regulatory agency or governmental entity with an interest in the safety-related information. Material subject to this protective order may only be disclosed to a regulatory agency or governmental entity with an interest in the safety-related information by Ford, and such disclosure shall be made pursuant to 49 CFR 512 or similar applicable rules.

b.    If other parties to this protective order have a reasonable belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, they are not prohibited from advising the regulatory agency or governmental entity that they believe such documents were produced in this case, however, any disclosure of such documents shall adhere to the procedure described in Paragraph 14(a).

DATED this 5th day of April, 2021.

_____
Brian Morris, Chief District Judge
United States District Court